## C. MERCED & COMPANY, Plff.,

*v.*

## SUCRS. DE L. VILLAMIL & COMPANY, Dft.

---

San Juan, Law, No. 1067.

### ON AMENDMENT TO COMPLAINT.

Damages for Wrongful Attachment.
> If the breaking up of plaintiff's business was the proximate result of an attachment wrongfully levied by defendant, this is a proper element of damage, and evidence as to the amount of business transacted by plaintiff at the time of the attachment will be admitted.

Opinion filed December 15, 1915.

---

*Messrs. Joseph Anderson* and *José L. Pesquera* for plaintiff.

*Mr. T. D. Mott* for defendant.

C. Merced & Co. v. Villamil & Co.

HAMILTON, Judge, filed the following opinion:

The point is made that the amendment sought will change the nature of the cause of action, and authorities are cited to show that this cannot be done; that the suit must be dismissed and a new suit begun.

This court has decided otherwise as to that particular point in that it has allowed material amendments,—I do not know that they amounted to a change of the cause of action, perhaps,—but a material change, provided the costs are paid; but it does not look as if this suit requires that.

Here is a suit brought in a certain way, alleging malice and certain other things. An amendment was made by which punitive damages were struck out. The amendment did not at that time go to the extent of striking out the allegations upon which punitive damages could be shown. It is now sought to strike out those allegations, and the point is simply this. Where there is a suit and certain things are struck out, still leaving a cause of action, that cause of action must be held to continue to exist as under the original suit; and it would seem as if this amendment,— striking out allegations of malice,—asked for some time ago and not yet decided, should be allowed. The court is not free from doubt, but it will take that course.